UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | CIVIL ACTION NO. | |
| VS. | ) | | |
| | ) | 3:08-CV-2088-G | |
| MANKENGO MWALUMBA, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion filed by the plaintiff, the United States of America, to enforce the judgment issued by this court against the defendant, Mankengo Mwalumba. For the reasons set forth below, the motion is granted.

I. BACKGROUND

On March 31, 2010, the court issued a judgment (docket entry 33) ordering the defendant to "surrender and deliver" his certificate of naturalization (No. 22 684 192), any copies thereof, and any other indicia of United States citizenship, including any passport, to the Department of Homeland Security ("DHS") or its representative within fourteen days. *See* Judgment ¶ 4. The defendant filed a notice of appeal, but

his appeal was dismissed on August 23, 2010 for want of prosecution. Order of the United States Court of Appeals as to Notice of Appeal (docket entry 37). The defendant did not seek and was not granted a stay pending appeal, and he has not surrendered his indicia of citizenship to DHS. The plaintiff now requests that the court order the defendant to comply with judgment against him.

II. ANALYSIS

Courts have inherent power to enforce compliance with their lawful orders. See *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (citing *United States v. United Mine Workers*, 330 U.S. 258, 330-32 (1947) (Black and Douglas, JJ., concurring in part and dissenting in part)). The court has broad discretion to use any reasonable means intended to bring a recalcitrant party into compliance. See, *e.g.*, *Gary W. v. Louisiana*, 622 F.2d 804, 806-07 (5th Cir. 1980) (invoking Rule 70 to compel compliance with money judgment), *cert. denied*, 450 U.S. 994 (1981); *Spain v. Mountanos*, 690 F.2d 742, 746-47 (9th Cir. 1982) (same); *Rodriguez v. Swank*, 496 F.2d 1110, 1113 (7th Cir.) (holding that the court did not abuse its discretion by ordering money payments contingent on noncompliance with prior injunction), *cert. denied*, 419 U.S. 885 (1974). Rule 70 of the Federal Rules of Civil Procedure identifies five methods by which a court may enforce a judgment that requires a party to perform a specific act. See FED. R. CIV. P. 70(a)-(e). That rule, however, becomes operative only after a judgment has been entered. *De Beers Consol. Mines v. United*

*States*, 325 U.S. 212, 218 (1945). "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975).

In the present case, the plaintiff has moved to enforce the judgment against the defendant, requesting that the court "order immediate enforcement of its March 31, 2010 judgment by any means listed under Rule 70, including civil contempt." Memorandum of Law in Support of Plaintiff's Motion to Enforce Judgment at 2. That judgment required the defendant to "surrender and deliver" his certificate of naturalization and any copies thereof, and any other indicia of citizenship, including his passport, to DHS within fourteen days of its entry. Judgment ¶ 4. Even though the defendant filed a notice of appeal, he did not seek a stay pending appeal. The defendant was therefore required to comply with the court's order directing him to surrender his indicia of citizenship to DHS. The defendant has failed to comply. Accordingly, the plaintiff's motion to enforce judgment is granted, and the defendant is hereby ordered to immediately surrender and deliver his naturalization certificate, passport, and other indicia of citizenship to DHS or its representative. The court cautions the defendant that failure to comply with this order within fourteen (14) days may be grounds for the imposition of civil penalties, including -- but not limited to -- attorney's fees, court costs, and civil contempt.

## III. CONCLUSION

For the reasons stated above, the plaintiff's motion to enforce judgment is **GRANTED**.

November 15, 2010.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**